IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:23-CV-123-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>APPROXIMATELY $7,960.00 IN UNITED STATES CURRENCY SEIZED FROM LAQUAN SAVOY ON OCTOBER 11, 2022, AT THE CHARLOTTE-DOUGLAS INTERNATIONAL AIRPORT | **CONSENT ORDER FOR THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and Petitioner Laquan Savoy ("Petitioner"), through counsel, pursuant to 18 U.S.C. § 983(d) and Rule G of the Supplemental Rules for Admiralty or Maritime Petitions and Asset Forfeiture Actions. The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters in regard to the property identified for forfeiture in this case (hereafter, "the Property").

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS**:

1. The Government has alleged in the Complaint for Forfeiture *In Rem* (Doc. 1) that the Property, consisting of approximately $7,960.00 in seized currency, is proceeds of drug trafficking and/or was used or intended to be used to facilitate drug trafficking. Petitioner, from whom the Property was seized, contends that the Property constitutes proceeds from gambling at

the Two Kings Casino. Following discussions about the case, the parties have agreed to stipulate that $1,592.00 (20%) of the Property shall be returned to Petitioner and that Petitioner shall consent to the forfeiture of $6,368.00 (80%) of the Property.[1]

2. Petitioner agrees to the forfeiture of the $6,368.00 and the Government, in turn, agrees to, upon issuance of this Consent Order and of a default or other final judgment as to any other potential interests in the Property, turn over[2] $1,592.00 to Petitioner, through his counsel.

3. By entering into this Consent Order, Petitioner agrees to, upon receipt by his counsel of the $1,592.00, release and forever discharge his interest in all remaining Property in this case.

4. The payment to Petitioner shall be in full settlement and satisfaction of all Petitions by Petitioner in this action and all Petitions against the United States resulting from the incidents or circumstances giving rise to this action.

5. Petitioner agrees not to pursue against the United States any rights that it may have to the Property in this case except as otherwise specified herein.

6. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

---

[1] The Government stipulates for purposes of Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n) that, even though Petitioner did not file a Petition herein, this Court may treat Petitioner as a "petitioner" under Rule 32.2 and Section 853(n) for purposes of this Consent Order and resolution of this matter.

[2] The $1,592 will be turned over to the trust account of Petitioner's attorney, Jacek W. Lentz of Los Angeles, California. Petitioner understands that return of money by the United States is typically processed through ACH forms and the Department of Treasury, which employs the Treasury Offset Program ("TOP") to collect outstanding delinquent debt, such as federal tax debt. Petitioner understands that the undersigned Assistant United States Attorney does not have any knowledge as to whether Petitioner or his counsel do or do not owe a tax debt to the United States. Petitioner also acknowledges that, if Petitioner does owe a tax debt that results in a "TOP" offset of any Funds that CBP attempts to return to Petitioner, Petitioner must employ TOP procedures to contest that offset, and the offset shall not constitute a breach by the United States of this forfeiture agreement.

2

7. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action.

8. Petitioner agrees to hold and save the United States, all of its agencies (including but not limited to the United States Department of Justice and United States Department of Homeland Security) and the Charlotte-Mecklenburg Police Department, and their officers, agents, servants, employees, heirs, successors, or assigns, harmless from any claims by any others, including costs and expenses, for or on account of any and all lawsuits or claims of any character whatsoever in connection with the detention, seizure, forfeiture, and/or release of the Property.

9. Petitioner hereby releases and forever discharges the United States, all of its agencies, and the Charlotte-Mecklenburg Police Department from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, petitions, and/or demands whatsoever in law or equity which Petitioner, his heirs, successors, or assigns ever had, now have, or may have in the future in connection with the detention, seizure, forfeiture, and/or release of the Property.

10. The execution of this agreement does not constitute any admission of wrongdoing or fact by Claimant or any other party except as otherwise expressly provided herein for purposes of consent to forfeiture. This agreement is not admissible in any proceeding, civil or criminal, except for purposes of enforcing or interpreting the terms of the agreement.

11. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

Based upon the stipulations of the parties herein, the Petition is granted to recognize that Petitioner has an interest in $1,592.00 of the Property. It is, therefore, ordered that, upon issuance of a final order or default judgment in this case, the United States shall pay $1,592.00 out of any finally forfeited Property in this case to Petitioner. Further, pursuant to the stipulations herein, Petitioner's Petition to any amounts above and beyond the $1,592.00 is hereby stricken. Each party shall bear its own costs and fees, including attorney's fees.

Signed this 21 day of April, 2023.

HON. ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

4

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

DENA J. KING
UNITED STATES ATTORNEY

_____ Dated: April 12, 2023
Benjamin Bain-Creed
Assistant United States Attorney

_____ Dated: 03/21/23
LAQUAN SAVOY
Petitioner

_____ Dated: April 17, 2023
JACEK LENTZ, ESQ.
Attorney for Petitioner

5